IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,          ) | CR 99-0734-PHX-RGS |
|                                    ) | |
| Plaintiff/Respondent,   ) | CV 05-0945-PHX-RGS (ECV) |
|                                    ) | |
| vs.                                ) | **REPORT AND RECOMMENDATION** |
|                                    ) | |
| Carlos Garcia-Mesa,                ) | |
|                                    ) | |
| Defendant/Movant.       ) | |
|                                    ) | |

TO THE HONORABLE ROGER G. STRAND, SENIOR UNITED STATES DISTRICT JUDGE:

Pending before the court is Movant's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #529).

**BACKGROUND**

On March 20, 2001, a jury found Movant guilty of 45 felony offenses including conspiracy, hostage taking, transporting and harboring illegal aliens, and multiple counts of interstate communications and possession or use of a firearm during a crime of violence. Doc. #305. On July 11, 2001, after dismissing eight counts, the Court entered convictions against Movant for 37 offenses and imposed a sentence of imprisonment for life plus 235 years. Doc. #390. Movant filed a direct appeal which was consolidated with those of his co-defendants. The Ninth Circuit Court of Appeals affirmed the convictions and sentence on October 9, 2003. United States v. Torres-Espinoza, et al., 78 Fed.Appx. 563 (9th Cir. 2003).

1 Movant did not file a petition for writ of certiorari to the U.S. Supreme Court. On March 28, 2005, Movant filed his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (hereafter "petition"). Doc. #529. He alleges three grounds for relief: (1) that he was denied the right to consult with the Mexican Consulate after his arrest; (2) that his conviction and sentence are the product of ineffective assistance from his trial counsel; and (3) that he was denied effective assistance of counsel on his direct appeal. The government filed a Response in Opposition on June 6, 2005. Doc. #551. On June 27, 2005, Movant filed a Response to Government's Opposition (hereinafter "reply"). Doc. #557.

## DISCUSSION

The government contends in its response in opposition that the petition is untimely and must therefore be denied.[1] The government argues that Movant filed his petition more than one year after the judgment of conviction became final. Although Movant acknowledges this argument in his reply, he presents nothing to contest the argument.

A federal prisoner's motion for post-conviction relief under § 2255 is subject to a one year statute of limitations that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. For the purpose of starting the limitation period, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). A petition for certiorari must be filed within 90 days after the judgment or order to be reviewed. Sup. Ct. R. 13. However, if a timely petition for rehearing is filed in the lower court by any party, the time to file the petition for certiorari runs from the date of the denial of the petition for rehearing. Id. This applies to all parties, whether or not they requested rehearing or joined the petition for rehearing. Id.

---

[1] Alternatively, the government argues that Movant's grounds for relief must be denied on the merits. Because the court finds that Movant's petition is untimely, the court need not reach the merits of Movant's claims.

1    Here, the Ninth Circuit issued its decision affirming the convictions and sentence on
2 October 9, 2003.  However, the Ninth Circuit docket reflects that Ricardo Torres-Espinoza,
3 one of Movant's co-defendants, filed a timely petition for rehearing on November 3, 2003.
4 The docket further reflects that the petition was denied on December 4, 2003.  Movant did
5 not filed a petition for certiorari after the petition for rehearing was denied.  As a result, for
6 statute of limitations purposes, Movant's judgment of conviction became final on March 3,
7 2004, 90 days after the petition for rehearing was denied.  Movant was required to file his
8 petition within one year of that date.

9    Movant filed his petition in this court on March 22, 2005,[2] nearly three weeks after
10 the limitations period expired.  The evidence in the record clearly demonstrates that Movant
11 filed his petition after the statute of limitations deadline and he has presented nothing to
12 contest that conclusion.  The court will therefore recommend that the petition be denied.

13 **IT IS THEREFORE RECOMMENDED:**

14    That Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in
15 Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #529) be **denied**;

16    This recommendation is not an order that is immediately appealable to the Ninth
17 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
18 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
19 parties shall have ten days from the date of service of a copy of this recommendation within
20 which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.
21 Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a
22 response to the objections. Failure to timely file objections to the Magistrate Judge's Report
23 and Recommendation may result in the acceptance of the Report and Recommendation by

---

[2] Even though the filing date stamped on the petition is March 28, 2005, under the prison mailbox rule a petition is deemed filed on the date the petition is delivered to prison authorities for mailing.  See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).  A Certificate of Service attached to the petition shows that it was delivered to prison authorities for mailing on March 22, 2005.

1  the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,
2  1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the
3  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
4  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
5  recommendation.  See Fed. R. Civ. P. 72.

   DATED this 30th day of March, 2006.

   _____
   Edward C. Voss
   United States Magistrate Judge

- 4 -